Congressional reference, tort claim; negligence; Federal Tort Claims Act; discretionary function; equitable claim; law enforcement; civil disorder; damages for innocent victims of crime; political questions; freedom of association; taking; lost profits; attorney’s fees; interest; insurance.—
Pursuant to 28 U.S.C. §§ 1492 and 2509 (1976), the Senate of the United States adopted S. Res. No. 378, 99th Cong., 2d Sess., and referred S. 2907, a bill "to pay * * * to the innocent victims of the occupation of Wounded Knee, South Dakota, in full settlement of all their claims against the United States for loss of life, personal injuries, and damages to their real and personal property which occurred between February 27, 1973, and May 8, 1973,” to the Chief Commissioner of the United States Court of Claims. This case has its roots in the occupation of Wounded Knee, South Dakota, by members and sympathizers of the American Indian Movement ( aim ), a loosely knit and rather militant group of individual Indians from various North American Indian Tribes, during the period February 27, 1973 - May 8, 1973, a period of some 71 days. During this period, residents of Wounded Knee and others affected by the occupation suffered damages to real and personal property for which they seek redress against the United States. On December 15, 1981, the Review Panel made its report to the United States Senate, adopting the Trial Commissioner Thomas J. Lydon’s findings of fact and concurring in his opinion and conclusion that the Government’s actions both before and during the civil disorder at Wounded Knee were at all times reasonable, responsible and proper and therefore provide no basis for any legal or equitable claims against the United States. As a result, any monetary awards made by the United States to these claimants would constitute gratuitous payments. The trial commissioner found, inter alia, that (1) in all probability claimants would have been denied recovery in any Federal Tort Claims Act ( ftca ) action for damages stemming from the Wounded Knee occupation because the Government actions complained of fall within the "discretionary function” exception to the ftca; thus, claimants’ right to recover herein, as a matter of law, is barred both by the statute of limitations and by the "discretionary function” exception *466 to the ftca; (2) it is inappropriate in a congressional reference case dealing with property damage caused by criminal activity to broaden the definition of an "equitable claim” to include claims based solely on moral and social considerations; (3) all citizens, Indian and non-Indian, are owed the same law enforcement duty by the Federal Government (in the absence of a treaty -or statute providing otherwise) and the Government met its law enforcement obligations to the claimants in a reasonable and responsible manner; (4) Government actions taken in response to the November 1973 takeover of the bia building in Washington, D. C., were reasonable and responsible and had no causal relationship to the Wounded Knee occupation; (5) any attempt to prevent aim members and supporters from gathering on the Reservation would have been an unconstitutional infringement of the freedoms of speech, assembly and association; (6) that the Government’s failure to use force immediately to end the occupation and thereafter its handling of negotiations did not unnecessarily prolong the occupation thereby causing plaintiffs to incur property damage which they would not otherwise have incurred since the Government’s response was reasonable, responsible, and in conformity with accepted modern-day standards and procedures followed in similar hostage and barricade crisis situations; (7) the defendant’s challenge to the "innocent victims” status of five claimants, who, defendant alleges, participated in the looting of the Trading Post store during the early stages of the occupation is rejected because the Government has failed to carry the heavy burden of proof placed on it relative to its allegations against claimants of criminal wrongdoing and, in addition, there were mitigating circumstances which weigh against a finding of non-innocence; (8) in the circumstances of this case a claimant corporation cannot recover lost profits; (9) there was no temporary taking of a claimant’s vehicles by the Government for use during the occupation; (10) there was no unreasonable delay in payment for the use of the vehicles by the Government, therefore the claimant is not entitled to interest and attorney’s fees; and (12) owing to a complete lack of evidence that some claimants could have, and should have, insured against the damages sustained during the Wounded Knee occupation, defendant is not entitled to raise as a defense claimants’ lack of insurance.